IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:91CR38 |
| | ) | |
| v. | ) | |
| | ) | |
| HASSAN MAJIED, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion (Filing No. 821) which seeks a reduction of defendant's sentence pursuant to the amendments to the crack cocaine sentencing guidelines and recent decisions of the United States Supreme Court. Both the defendant and the government have filed briefs (Filing Nos. 822 and 830).

At defendant's request, a hearing was held on August 1, 2008, and on August 25, 2008, defendant filed a supplemental brief (Filing No. 832).

The United States Probation office has prepared and submitted to the Court a retroactive sentencing worksheet which addresses the two-level reduction across the board as it deals with offense levels for crack cocaine. These adjustments were declared to be retroactive so that all defendants previously sentenced under the crack guidelines and who were still in prison were entitled to an adjustment of their sentence pursuant to the new guideline levels.

Title 18, United States Code, Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The defendant is entitled to a recalculation of his sentence under the amended crack cocaine guidelines.

His total offense level as a result of these modifications to the guidelines is now 34.  He has a criminal history category of I, and this converts to a sentencing range of 292 to 365 months on Count I.  The sentences of 180 months each for Counts III and IV are unaffected, and these sentences will run concurrently to the sentence imposed on Count I.  The amended guidelines represent a reduction in defendant's sentence of 68 months.

At the time defendant was originally sentenced, the Court had held evidentiary hearings on the issue of treating crack cocaine 100 times worse than powder, and it had concluded that this distinction was scientifically unsupported, and that the guidelines for crack cocaine were significantly more onerous

than justified by the comparison of crack cocaine to powder cocaine. At that time, the Court sentenced the defendant to a non-guideline sentence of two hundred forty (240) months. The United States Court of Appeals for the Eighth Circuit reversed and remanded for resentencing. In accordance with the Circuit's mandate, the defendant was subsequently sentenced to three hundred sixty (360) months on Count I, and one hundred eighty (180) months on each of Counts III and IV, to run concurrently to the sentence imposed on Count I.

Pursuant to the recent opinions of the United States Supreme Court in *Spears v. United States*, 555 U.S. ___, 2009 WL 12944 (2009), *Kimbrough v. United States*, 552 U.S. ___, 128 S.Ct. 558 (2007), and *Rita v. United States*, 551 U.S. 338 (2009), the Court is now authorized to consider what the appropriate ratio between powder and crack cocaine ought to be in a given case for purposes of sentencing. The guidelines are no longer mandatory or presumptively correct. *See Rita*, 551 at 351. In *Spears*, the United States Supreme Court upheld the decision of the United States District Court for the Northern District of Iowa, in which the district court reduced the ratio to 20 to 1. The Court refers to its earlier decisions commencing in the early 1990's in which it found that the 100 to 1 ratio was not reasonable or supportable based upon the scientific evidence relating to the nature of the two drugs.

If the drugs involved in this case had been powder cocaine rather than crack cocaine, the base offense level for

1.164 kilograms would be 26, and his final offense level would be 32.  With a criminal history category of I, this results in a guideline range of 121 to 151 months, rather than 292 to 365 months.  This disparity is unconscionable and results in a serious injustice.  Now that the United States Supreme Court has decided that the 100 to 1 ratio is not binding on the Court, the Court reverts to its original analysis in this case.  The Court has reviewed the factors in Title 18, U.S.C. § 3553(a) and concludes that the original sentence of 240 months imposed is the appropriate and reasonable sentence, considering the nature and amount of drugs involved.  Accordingly,

IT IS ORDERED:

1) The defendant be committed to the custody of the Bureau of Prisons for a term of 240 months on Count I and for a term of 180 months on each of Counts III and IV to run concurrently to the sentence imposed on Count I.

2)  Defendant shall receive credit for all time served pending trial, pending sentencing, and on the sentences which the Court originally imposed in this matter.  All other terms and conditions of the judgment and committal order filed December 5, 2005 (Filing No. 706), remain in full force and effect.

DATED this 6th day of February, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
    LYLE E. STROM, Senior Judge
    United States District Court